2007 BNH 019
_____

**UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE**

In re:                                                                                    Bk. No. 05-56054-MWV
                                                                                          Chapter 13
Ronald S. Stanko
and Linda R. Stanko,
        Debtors

Wayne Wagner,
        Plaintiff

v.                                                                                        Adv. No. 06-1323-MWV

Ronald S. Stanko
and Linda R. Stanko,
        Defendants

*Jennifer Rood, Esq.*
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
*Attorney for Plaintiff*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*and*
*Andrew Bronson, Esq.*
BRONSON LAW OFFICE
*Attorneys for Defendants*

**MEMORANDUM OPINION**

      Husband and wife defendants Ronald S. Stanko and Linda R. Stanko filed a motion to dismiss Wayne Wagner's (the "Plaintiff")[1] complaint, which seeks judgment for $2,303,068 and a determination that the debt is excepted from discharge under multiple provisions of section 523(a) of the Bankruptcy Code.[2] The Defendants argue that the complaint should be dismissed pursuant to Federal Rule of Civil

---

[1] "Plaintiff" hereinafter refers to Wayne Wagner, individually, as well as to Wayne L. Wagner, D.D.S., P.A.

[2] All statutory section references herein are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101–1532.

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Plaintiff objected to the motion to dismiss, and a hearing was held on January 9, 2007, at which hearing the Court granted the motion to dismiss with regard to Linda Stanko because she was not a party to the contract between her husband and the Plaintiff.[3] The Court took the remaining matters under advisement.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

The Plaintiff and the Defendant are both dentists who entered into a contract in January 2005 whereby the Defendant sold his Texas dental practice to the Plaintiff. Pursuant to the contract, the purchase price was $378,000, which included "customer based intangibles," equipment, inventory, a non-competition agreement, and corporate goodwill. After selling the dental practice, the Defendant relocated to New Hampshire where he filed a voluntary Chapter 13 bankruptcy petition on December 29, 2005. Although the Defendant did not initially schedule the Plaintiff as a creditor, he amended Schedule F on August 2, 2006, to schedule the Plaintiff as the holder of a disputed, contingent, unliquidated claim. The Plaintiff subsequently filed a proof of claim in the amount of $2,303,068 for damages arising from the Defendant's alleged misrepresentation and breach of contract.

The Plaintiff commenced this adversary proceeding with a complaint seeking judgment in the amount of $2,303,068 and a ruling that the debt is excepted from discharge under section 523(a)(2)(A),

---

[3] "Defendant" hereinafter refers to Ronald S. Stanko, individually, as well as to Ronald S. Stanko, P.C., but not to Linda Stanko.

(B), and (a)(6). The Plaintiff alleges that the Defendant fraudulently misrepresented the nature of his dental practice in an effort to induce the Plaintiff into buying the practice and that the Defendant also breached several contractual provisions. For instance, the Plaintiff alleges that the Defendant failed to maintain patient goodwill and failed to complete certain dental work that the Plaintiff ended up performing for disgruntled customers at no cost. The Plaintiff also alleges that the Defendant failed to perform certain post-closing contractual obligations such as his failure to send a letter of introduction to patients on behalf of the Plaintiff and his failure to otherwise encourage patients to stay with the practice once the Plaintiff took over. It is also alleged that equipment was not in working order, that inventory was depleted, and that the Defendant's failure to pay a trade creditor created difficulties for the Plaintiff,.

The Defendant filed a motion to dismiss in which he argues that certain contractual provisions on which the Plaintiff's case relies did not survive closing because of the following language in the bill of sale that was executed (only by the Defendant) on the same day as the contract:

> Except for the warranty of title stated above, limited as stated above, and any warranties contained in the Contract which expressly survive the closing of the transactions in the Contract, Seller makes no representations or warranties regarding the purchased property, the Premises, Seller's Practice, or any other matter, and [S]eller expressly disclaims any other representations or warranties, expressed or implied, with respect thereto or otherwise, including, without limitation, warranties of merchantability, condition, and fitness for a particular purpose.

(Ct. Doc. No. 4, Ex. A.) According to the Defendant, this quoted language extinguished most of his contractual responsibilities during the post-closing period when the dental practice was being transferred to the Plaintiff, and, therefore, the Plaintiff cannot sue the Defendant for his acts or omissions.

"In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery.'" Erricola v. Gaudette (In re Gaudette), 241 B.R. 491 (Bankr. D.N.H. 1999) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). The Court will accept these allegations as true and "draw[] all reasonable inferences in favor of the non-moving

-3-

party." Stanton v. Metro Corp., 438 F.3d 119, 123 (1st Cir. 2006). The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Gilbert v. Essex Group, Inc., 930 F. Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A defendant will succeed on a motion to dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S,B., 958 F.2d 15, 17 (1st Cir. 1992) (quoting Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

The Court disagrees with the Defendant that the non-applicability of the contractual provisions relied upon by the Plaintiff is an open and shut matter. Among the open questions are whether the subject contractual provisions are "warranties" or "representations" as those terms are used in the bill of sale. Those terms might refer only to Articles 14 and 15, which are expressly labeled "warranties and representations." Even if the subject provisions are "warranties" or "representations," they may have survived closing despite the bill of sale's language. For instance, Article 6.1 begins with the language "After Closing" and then details certain responsibilities of the Defendant. The phrase "after closing" might be "express" language. Further, Articles 6 and 13 both explicitly refer to post-closing responsibilities. If these provisions did not survive closing, the Court sees little sense in the parties having drafted them in the first instance.

The Defendant also argues that the Plaintiff acknowledged in the contract that he inspected the books and records of the Defendant's practice prior to purchase and was not relying on the Defendant's representations. However, this did not give the Defendant the right to induce the sale with misrepresentations. Indeed, in Article 15, which expressly survives the closing, the Defendant warranted that he made no material misrepresentations.

The Plaintiff has alleged facts that, if true, would sustain his claims under section 523(a)(2)(A), (B), and (a)(6). The Defendant has not shown any of the Plaintiff's legal claims to be, at this point,

non-viable. Consequently, the Defendant's motion to dismiss the Plaintiff's complaint is denied.

Finally, the Defendant's argument that the contractual provision in which the Plaintiff and the Defendant promise to indemnify the broker from claims arising from the sale contract results in the Plaintiff having to indemnify the Defendant is without merit.

## CONCLUSION

The Defendant's motion to dismiss is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 4th day of May, 2007, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge